RALPH COLEMAN LOCKHART AND WILDON MAC SPRINGER V. STATE

Nos. 34,246 - 34,247.   February 14, 1962
State's Motion for Rehearing Overruled April 4, 1962

*Webb, Schulz & Stokes* by *Bob R. Hanna,* Abilene, for appellant Lockhart. *Scarborough, Black & Tarpley,* by *David Scarborough,* Abilene, for appellant Springer.

*Nelson Quinn,* District Attorney, Abilene, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The convictions are for rape; the punishment, five years in each case.

These are companion cases, and, although appellants were separately indicted, by agreement they were tried together and the appeals are hereby consolidated.

Testifying in their own behalf, each of the appellants admitted having intercourse with the prosecutrix, but each testified that it was with her consent.

At the beginning of the trial, the State, by written motion, requested the trial judge to instruct the attorneys for each of the appellants "not to inquire of the prosecutrix herein as to whether or not she is a virgin, on cross-examination, or otherwise, in the presence of the jury panel on voir dire or in the presence of the jury selected to serve in said cause". The request was granted, appellants' attorneys were so instructed, and they did comply with the court's instructions.

After the State and the appellants had rested their cases in chief, the State called two reputation witnesses in rebuttal. These witnesses testified that they knew the general reputation of the prosecutrix in the community where she resided for chastity and virtue, and that it was good.

At this time, appellants, bearing in mind the instructions of the court theretofore given them, requested permission of the court to ask the two reputation witnesses whether or not their testimony would have been different if they heard that at the time of the alleged offense she was not a virgin. The court adhered to its previous instructions, refused the requests, and appellants reserved their exception.

It was stipulated that on a former trial of these appellants for the same offenses the prosecutrix testified on cross-examination that she was not a virgin at the time of the alleged offenses. It was further stipulated and agreed that had appellants been permitted to ask the prosecutrix on this trial if she was a virgin at the time of the offenses alleged, she would have testified that she was not.

It is the rule that character witnesses who attest the good reputation of another witness may, as affecting the weight, credibility, and sincerity of their testimony be asked on cross-examination if they had heard of specific conduct of said other witness inconsistent with that reputation. 44 Texas Jurs., 1168, Sec. 161, and Duhart v. State, 167 Texas Cr. Rep. 150, 319 S.W. 109.

The conduct inquired about on cross-examination must be inconsistent with the trait of character to which the witness had attested. Kennedy v. State, 150 Texas Cr. Rep. 215, 200 S.W. 2d 400; Villarriel v. State, 163 Texas Cr. Rep. 654, 295 S.W. 2d 222.

There was but one issue in this case, consent or not by the prosecutrix, and any circumstance that could be shown tending to show that the prosecutrix was not a virgin would be admissible as bearing on the issue of her consent in a manner consistent with the appellants' innocence.

The refusal to grant appellants permission to cross-examine the prosecutrix and the two witnesses as requested deprived them of a valuable right which was prejudicial and calls for a reversal.

The judgments are reversed and the causes are remanded.